# United States Attorney
# Southern District of New York

| | |
|---|---|
| **FOR IMMEDIATE RELEASE** <br> **NOVEMBER 9, 2007** | **CONTACT:** <u>U.S. ATTORNEY'S OFFICE</u> <br> HERBERT HADAD, YUSILL SCRIBNER, <br> REBEKAH CARMICHAEL <br> PUBLIC INFORMATION OFFICE <br> (914) 993-1900,(212) 637-2600 <br><br> <u>IRS CRIMINAL INVESTIGATION</u> <br> JOSEPH FOY <br> (917) 416-9932 <br><br> <u>FBI</u> <br> JAMES MARGOLIN <br> (212) 384-2720 |

## EX-NEW YORK CITY POLICE COMMISSIONER BERNARD KERIK CHARGED BY U.S. IN CONSPIRACY, TAX, AND FALSE STATEMENTS CASE

MICHAEL J. GARCIA, the United States Attorney for the Southern District of New York; PATRICIA J. HAYNES, the Special Agent in Charge of the New York Field Office, Criminal Investigation, Internal Revenue Service ("IRS"); and MARK MERSHON, the Assistant Director in Charge of the New York Office of the Federal Bureau of Investigation ("FBI"), announced today that BERNARD B. KERIK, the former New York City Police Commissioner and Commissioner of the New York City Department of Corrections, has been indicted by a federal grand jury sitting in White Plains on conspiracy, tax fraud, and false statements charges.

According to the Indictment, KERIK conspired with others to deprive the City of New York and its citizens of his honest services by: 1) receiving benefits -- namely, approximately $255,000 in renovations to KERIK's Riverdale, New York, apartment ("the Riverdale Apartment") -- from a company seeking to do business with the City; 2) concealing those benefits by, among other ways, failing to disclose them as required on financial disclosure reports KERIK filed with the City; and 3) taking steps to convince City regulators that the contractors were free of mob ties and should be approved to do business requiring City permits.

KERIK's receipt of the benefits and his actions on behalf of the company occurred while KERIK was the Commissioner of the New York City Department of Corrections, and his acts of concealment occurred while he held that post and while he held the post of New York City Police Commissioner.

The Indictment also charges KERIK with impeding the Internal Revenue Service and with multiple counts of false tax returns in connection with:  1) his failure to declare the value of the above renovations as income; 2) his failure to report as income approximately $236,000 in rent payments for a Manhattan apartment, which payments were made by a Manhattan developer with whom KERIK had agreed to conduct business; 3) his failure to report approximately $75,000 in income received from a book publisher; 4) his taking of approximately $80,000 in phony charitable deductions; 5) his failure to report approximately $20,000 in income received from a computer software company; 6) his failure to report wages paid to a domestic employee; and 7) his taking of a false home office expense deduction in connection with a home in New Jersey when he was not yet living in that home.

The Indictment also charges KERIK with making false statements on a loan application in connection with purchase of the Riverdale apartment.  Specifically, it charges that KERIK borrowed part of the down payment from a Manhattan realtor, but falsely denied that he had done so to the bank that extended him the mortgage loan for his purchase of the apartment.

The Indictment also charges the defendant with making multiple false statements to the White House and other federal officials in connection with his application for positions as advisor to the President's Homeland Security Advisory Council and in connection with his nomination to be Secretary of the United States Department of Homeland Security.  The Indictment charges that when KERIK was being vetted for these positions, he made numerous false statements including:  1) failing to disclose as required, and affirmatively misrepresenting, his relationship with the contractors who paid for the renovations on the Riverdale apartment or the fact of the payments; 2) failing to disclose as required that he had submitted false financial disclosure reports to New York City (as described above) and that he had committed a crime by doing so; 3) failing to disclose as required that he had made false statements on a loan application (as described above) and that he had committed a crime by doing so; 4) failing to disclose as required a $250,000 loan that he had taken from a Brooklyn businessman who, in turn, had obtained the funds from an Israeli industrialist who did business with the U.S. Government; and 6) falsely stating that he had no household employees on a

regular basis, and that he had not failed to withhold appropriate taxes for any such employee.

KERIK faces, if convicted, a maximum aggregate sentence of 142 years of imprisonment and $4,750,000 in fines. The Indictment also seeks forfeiture of the proceeds of the conspiracy crime in the amount of $255,000.

The defendant is expected to be presented before United States Magistrate Judge GEORGE A. YANTHIS this morning, at which time Judge YANTHIS will hear arguments on bail and a United States District Court Judge will be assigned to the case.

Mr. GARCIA praised the IRS Criminal Investigation Division and the FBI for their fine work during the investigation. He also thanked the New York City Department of Investigation, the Westchester District Attorney's Office, the Bronx District Attorney's Office and the New Jersey Division of Gaming Enforcement for their assistance.

He added that the investigation is ongoing.

Assistant United States Attorneys PERRY A. CARBONE and ELLIOTT B. JACOBSON are in charge of the prosecution.

The charges contained in the Indictment are merely accusations, and the defendant is presumed innocent unless and until proven guilty.

07-277                                                    ###