```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :
            -v-                     :
                                    :   AFFIRMATION
                                    :
BERNARD B. KERIK,                   :   07 Cr. 1027 (SCR)
                                    :
            Defendant.              :
                                    :
------------------------------------x
```

ELLIOTT B. JACOBSON affirms under penalty of perjury as follows:

1. I am an Assistant United States Attorney ("AUSA") in the office of Michael Garcia, the United States Attorney for the Southern District of New York ("this Office").

2. AUSA Perry A. Carbone and I are in immediate charge of this investigation/prosecution and have been since its inception.

3. I make this Affirmation in connection with the Government's *Curcio* motion seeking disqualification of Kenneth Breen, Esq. as counsel for the defendant in this matter.

4. I make this Affirmation on information and belief, the sources of which are: information and documents contained in the case file, conversations with AUSA Carbone, conversations with Joseph Tacopina, Esq., conversations with Michael Ross, Esq. (Mr. Tacopina's attorney), conversations with past and present Assistant District Attorneys in the Bronx County District

Attorney's Office ("BCDAO") and Deputy Commissioner of the New York City Department of Investigations ("NYCDOI") Walter Arsenault.

5. Because I am submitting this Affirmation for a limited purpose, I have not included herein everything I know about this investigation. Any conversations adverted to herein are related in substance and in part.

6. Shortly after the defendant's nomination was withdrawn in early December of 2004, Joseph Tacopina, Esq., then the defendant's attorney, met with representatives of the BCDAO to discuss some of the allegations it was investigating. In substance, and in pertinent part, Mr. Tacopina told the BCDAO that the defendant had paid for all of the renovations to the Riverdale Apartment himself and that the total amount of the renovations he had paid for was approximately $50,000. Tacopina also told the BCDAO that the defendant had taken a loan from John Doe #6, a Manhattan realtor, in the amount of $32,000 in order to make a downpayment on the purchase of the Riverdale Apartment and that the loan was repaid in the year 2003.

7. The Government learned of the statements that Mr. Tacopina had made to the BCDAO and which are adverted to above based on discussions with the Assistant District Attorneys to whom they were made, as well as a review of grand jury testimony and other documentary evidence from the BCDAO.

8. After the defendant pleaded guilty in the Bronx case and during the pendency of this Office's investigation, we questioned Mr. Tacopina concerning the statements made above. The questioning took place in the presence of Tacopina's attorney -- Michael Ross, Esq. -- who is one of New York State's leading legal ethicists and experts on the law of privileges including the attorney-client and work-product privileges. Tacopina confirmed that he had made the above statements to the BCDAO. Tacopina also stated that the information he had conveyed to the BCDAO had been provided to him by the defendant for the express purpose of conveying it the Bronx prosecutors conducting the investigation.

9. NYCDOI Deputy Commissioner Walter Arsenault informed us that on or about February 7, 2005, he met with Mr. Tacopina at the offices of the NYCDOI. Deputy Commissioner Arsenault further informed us that during that meeting Tacopina advised him that the total cost to the defendant in renovating the Riverdale Apartment was between $30,000 and $50,000, that the defendant paid for the renovations, and that no one else paid for any part of the renovation costs. Mr. Tacopina confirmed that he made the above statements to Arsenault and that the information he conveyed to Arsenault had been provided to him by the defendant for the express purpose of conveying it to personnel at the NYCDOI conducting its investigation.

10. Mr. Tacopina informed us that in or about the summer of 2005, Mr. Breen joined him in representing the defendant in connection with what had by then become a joint BCDAO/NYCDOI investigation. Tacopina further informed us that over the course of the next year, the defendant repeated to Tacopina and Breen the substance of what he had earlier told Tacopina (see ¶ 6 supra) for the express purpose of conveying such information to the Bronx/City prosecutors/investigators conducting the investigation, and Tacopina and Breen met with the Bronx/City prosecutors/investigators on a number of occasions to discuss the case.

11. Deputy Commissioner Arsenault informed us that on or about March 8, 2006 he attended a meeting at the BCDAO. Arsenault further informed us that the meeting was also attended by members of the BCDAO, Mr. Tacopina, and Mr. Breen. Arsenault also further informed us that during the meeting Tacopina repeated the substance of his February 7 proffer.

12. Mr. Tacopina has confirmed the information provided by Deputy Commissioner Arsenault in ¶ 11 above.

Dated:  White Plains, New York
        December 12, 2007

                                        _____
                                        Elliott B. Jacobson